UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>TEVE</small> T<small>HOMAS</small>,

   Plaintiff,           Hon. Robert Holmes Bell

v.                  Case No. 1:05-cv-00343

B<small>URT</small> H<small>OEHNE</small>,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

  This matter is before the Court on Plaintiff Steve Thomas' Motion for an Immediate Temporary Restraining Order Prohibiting the Disbursement of the $1.1 Million Dollar Settlement Proceeds to Burt Hoehne and His Affiliates (Dkt. 2).  It was referred to the undersigned for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), by the Honorable Robert Holmes Bell, Chief Judge (Dkt. 5).

  This case, and Plaintiff's motion, concern settlement proceeds that are scheduled to be disbursed in the matter of *In re: TPI Desert Carmel, LLC*, Case No. 1:04-cv-00417 ("TPI").  TPI is a Chapter 11 bankruptcy case regarding which the Honorable Richard Alan Enslen withdrew the order of reference (Dkt. 17 in Case No. 1:04-cv-00417).  Plaintiff Thomas intervened in the TPI matter and filed a motion to set aside the proposed order approving settlement, in order to assert the same claims to the settlement proceeds that he is asserting in this case.  The undersigned conducted an evidentiary

hearing on that motion on May 16, 2005.  Plaintiff Thomas testified under oath at the hearing.  Defendant, Burt Hoehne, was represented by counsel.

The TPI cause of action arises from a federal receivership case pending, also in this court, captioned, *Quilling v. Trade Partners, Inc.*, Case No. 1:03-cv-00236.  The receivership in that case, through TPI, owns approximately 1,200 acres of vacant residential subdivision property in Pinal County, Arizona (the "Property").  At a hearing held April 13, 2005, the Court presided over a public auction of the property.  Defendant in this matter, Burt Hoehne, objected to the sale and argued that he owned an interest in the property.  Mr. Hoehne also participated in the auction through Calabrea Development, LLC.  Although the Court found Mr. Hoehne's claim to ownership of the property dubious, at the April 13, 2005 hearing the debtor presented its oral motion to approve a settlement with the Burt Hoehne granting him $1.1 million "in full satisfaction of any and all claims, causes of action, rights or interests Burt Hoehne and all persons and entities in which Hoehne has an interest or is an officer, majority owner, or a control person, including but not necessarily limited to Calabrea Development, LLC (collectively, the "Hoehne Affiliates") may have against the Debtor. . . ."  The settlement agreement appeared to be in the best interest of the Receivership estate because the price of the property at auction was substantially more than had ever been offered before, and was for all cash, to be placed in escrow.

The Plaintiff in this action alleges to be a partner with Burt Hoehne, and claims they had a partnership agreement.  The contract that Plaintiff alleges provides that Plaintiff and Defendant agree "to divide all profits as & when received 50/50 for the acquisition & close of escrow of the Desert Carmel [Property]."  The alleged contract is dated August 25, 2004.  Burt Hoehne did not disclose the existence of any partner when alleging an interest in the property.  Plaintiff alleges that the goal

of the partnership agreement included the use of Plaintiff's knowledge and expertise as a land broker/investor to produce a profit "using many multiple paths for the Defendant's equitable interest in the Desert Carmel subdivision." Plaintiff claims he was not included in the negotiations resulting in the settlement in the TPI matter and that Mr. Hoehne had stopped returning his phone calls. Plaintiff has submitted an affidavit in which he asserts that Defendant Hoehne at one time stated to him that he (Hoehne) "knows how to hide money in 'invisible accounts.'"

Pursuant to Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and reasons supporting the claim that notice should not be required. A hearing, within ten days, shall be set on a motion for preliminary injunction if a temporary restraining order is granted. Before a motion for preliminary injunction can be granted, a moving party must establish four elements: (1) likelihood of success on the merits; (2) irreparable injury; (3) lack of harm to other interested parties; and (4) that such an order is in the public interest. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100 (6th Cir. 1982).

The parties were heard on the request for preliminary injunctive relief along with a temporary restraining order on May 16, 2005. In fact, the adverse party, Burt Hoehne, did have notice as his counsel was present. The Court recommends, however, that the motion be denied in both respects because Plaintiff has not demonstrated irreparable harm in the absence of injunctive relief, as he simply seeks money damages for an alleged breach of contract. Thomas claims that as a result of

Hoehne's alleged insolvency he will be unable to collect the monies allegedly owed to him by Hoehne. He further claims that Hoehne made a statement that he (Hoehne) "knows how to hide money."

Irreparable harm will generally not be found where an alleged loss is fully compensable by an award of money damages, however, "extraordinary circumstances, such as a risk that the defendant will become insolvent before a judgment can be collected, may give rise to the irreparable harm necessary for a preliminary injunction." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1; *see also, QSI-Fostoria DC, LLC v. General Electric Capital Business Asset Funding Corp.*, 2005 WL 81902 at *5 (N.D. Ohio, Jan. 14, 2005); *III Finance Ltd. v. Aegis Consumer Funding Group, Inc.*, 1999 WL 461808 at *4 (S.D.N.Y., July 2, 1999).

The Court is not persuaded that Defendant Hoehne is presently insolvent or is likely to become insolvent in the near future. Even accepting as true Thomas' testimony that Hoehne lacked the resources to close a five million dollar real estate transaction on the TPI property, such does not establish that Hoehne is insolvent or lacks the ability to pay a money judgment roughly one-tenth this amount. Further, the Court notes that Hoehne has been represented by competent counsel from Minneapolis, Minnesota throughout these proceedings and has participated vigorously in his claim that he has a prior ownership interest in the TPI Property, as well as his opposition to the property being sold at auction. Finally, Hoehne is scheduled to receive $1.1 million from the sale of the TPI Property, an amount more than sufficient to compensate Thomas for his alleged losses, should he prevail on his claim. The Court finds that a stray comment by Hoehne that he knows how to hide money is insufficient to carry Plaintiff's burden. Moreover, Plaintiff Thomas has failed to establish

the presence of any other extraordinary circumstances sufficient to warrant injunctive relief in this matter.  As stated above, the undersigned recommends that Plaintiff Steve Thomas' Motion for an Immediate Temporary Restraining Order Prohibiting the Disbursement of the $1.1 Million Dollar Settlement Proceeds to Burt Hoehne and His Affiliates (Dkt. 2) be denied.

Respectfully submitted,

Date:  May 27, 2005

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).