UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE THOMAS,

        Plaintiff,

                                File No.  1:05-CV-343

v.

                                HON. ROBERT HOLMES BELL

BURT HOEHNE,

        Defendant.
                                      /

**O P I N I O N**

In this action Plaintiff Steve Thomas asserts a claim to a portion of a settlement between Defendant Burt Hoehne and the Receiver in *In re: TPI Desert Carmel, LLC*, Case No. 1:04-CV-417.  He also filed a motion for temporary and preliminary injunctive relief prohibiting the Receiver from disbursing the settlement proceeds to Defendant pending a determination of Plaintiff's interest in those proceeds.   (Docket # 2).  The motion was referred to the Magistrate Judge for Report and Recommendation ("R&R"). The Magistrate Judge recommended that the motion be denied because Plaintiff did not demonstrate irreparable harm as he simply seeks money damages for an alleged breach of contract. (Docket # 6).  This matter is currently before the Court on Plaintiff's objections to the R&R and on his motion to submit additional evidence in support of his objections. (Docket # 10).

When objections are filed, the district judge is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C.

§ 636(b)(1); FED. R. CIV. P. 72(b).  The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

Plaintiff objects to the R&R on the basis that the Magistrate Judge failed to address Plaintiff's equitable interest in the funds and failed to address evidence of Defendant's apparent present insolvency. Plaintiff now requests the Court to consider additional evidence that he contends bolsters his claim that he will suffer irreparable harm if Defendant is permitted to hide, transfer or remove all of the settlement proceeds from the bankruptcy estate sale.  This evidence includes Defendant's failure to update the bankruptcy court on his current address; Plaintiff's inability to locate Defendant, requiring service of this action by alternative form of service; the high number of addresses associated with Defendant; Defendant's current possession of vehicle registrations in two states and a driver's license in a third state; the existence of tax liens and a civil judgment against Defendant.

The Court has considered the additional evidence submitted by Plaintiff.  Even with this additional evidence, the Court concludes that Plaintiff has failed to meet his burden of showing irreparable harm.

Although a preliminary injunction motion requires the court to balance four factors, the moving party must "always demonstrate some irreparable injury before a preliminary injunction may issue." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982); *accord Lighthouse Brands, Ltd. v. Ideas Concepts & Insights Merch. Group*, 2005 WL 1703224, *3 (N.D. Ohio 2005).   "[H]arm is not irreparable if it is fully

compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992); *accord United States v. Michigan*, 2005 WL 2033526, *1 (E.D. Mich. 2005).

Even if a loss can be compensated by money damages at judgment, extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction. *See* 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2948.1 (2nd ed. 1995); *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994); *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984).  "These situations are quite narrow, reflecting instances where the harm suffered by the plaintiff from denying the injunction is especially high in comparison to the harm suffered by the defendant from granting it." *Hughes*, 17 F.3d at 694.  A damages remedy can be inadequate for any of four reasons:

> (a) The damage award may come too late to save the plaintiff's business. . . .
> (b) The plaintiff may not be able to finance his lawsuit against the defendant without the revenues from his business that the defendant is threatening to destroy. . . . (c) Damages may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected. . . . (d) The nature of the plaintiff's loss may make damages very difficult to calculate.

*Roland Mach.*, 749 F.2d at 386.

Plaintiff's concern is that Defendant will become insolvent and/or hide his assets before a judgment is entered and collected.  The Court agrees with the Magistrate Judge's finding that the evidence is not sufficient to show that Defendant is presently insolvent or is likely to become insolvent in the near future.  (R&R at 4).  The new evidence of the tax liens

3

and judgment do not affect this finding as they are insignificant in relation to the size of the settlement.

Accordingly, Plaintiff's claim of irreparable harm rests on his assertion that Defendant will hide the money before he can obtain a judgment. "There must be a likelihood that irreparable harm will occur. Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." 11A *Fed. Prac. & Proc.* § 2948.1. Plaintiff has not come forward with sufficient evidence to show a likelihood that he will not be able to collect on any judgment he might obtain. His claim is based on his inability to locate Defendant and on Defendant's stray comment that he could hide money. The Court observes that Defendant has appeared in this case through an attorney and is accordingly subject to the jurisdiction of the Court. Although Plaintiff complains that Defendant has not responded to Plaintiff's request to take his deposition, the docket does not reflect that Plaintiff has sought the assistance of the Court in obtaining discovery or sanctions. It appears to this Court that there are procedures available to Plaintiff to insure recovery short of freezing Defendant's assets prior to entry of a judgment against him.

For all these reasons the Court will approve and adopt the Magistrate Judge's Report and Recommendation and enter an order denying Plaintiff's motion for preliminary injunctive relief.

An order consistent with this opinion will be entered.

Date:   October 7, 2005             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE