UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STEVE THOMAS,

            Plaintiff,

                                        File No.  1:05-CV-343

v.

                                        HON. ROBERT HOLMES BELL

BURT HOEHNE,

            Defendant.

_____/


**O P I N I O N**

      This diversity of citizenship breach of contract action comes before the Court on

Defendant Burt Hoehne's motion to dismiss for lack of personal jurisdiction and motion to

quash discovery subpoena.  In support of his motion to dismiss for lack of personal

jurisdiction Defendant notes that he is not and has never been a resident of Michigan; the

cause of action concerns an alleged contract formed in Arizona to be performed in Arizona;

and all witnesses and documents are in Arizona.

      In response to the motion Plaintiff Steve Thomas contends that Defendant purposely

availed himself of the benefits of the State of Michigan and the protections of this District

Court by purchasing property from a Michigan corporation and then by making and pursuing

a claim in a bankruptcy action in this district related to that purchase.  Specifically, Plaintiff

contends that in 2001 Defendant purchased property in Pinal County Arizona known as

Desert Carmel Subdivision from a Michigan corporation, Trade Partner, Inc. and/or a related

company, Trade Partners Gateway LLC.  Defendant sold this property to Kaysee Okpaise.

Trade Partners repossessed the property.  Trade Partners was then placed into a receivership.

*Quilling v. Trade Partners, Inc.*, 1:03-CV-236 (W.D. Mich).   The Receiver filed a

bankruptcy petition on behalf of Trade Partners Gateway Center, LLC and named Defendant

as a creditor.  *In re TPI Desert Carmel, LLC*, 1:04-CV-417 (W.D. Mich.).  Defendant filed

a claim in the bankruptcy proceeding.  The Court authorized the sale of the Desert Carmel

property in the bankruptcy action and approved a settlement between the Debtor and Hoehne.

*In re TPI Desert Carmel*, (Docket #'s 93 & 94).  Thereafter Plaintiff filed this action asserting

that he was entitled to half of the settlement proceeds pursuant to an agreement Plaintiff

entered into with Defendant in Arizona dated August 24, 2004.  The agreement provides:

> Burt Hoehne & Steve Thomas do hereby agree to divide all profits as & when
> recieved [sic] 50/50 for the aquisition [sic] & close of escrow of the Desert
> Carmel 2,492 lots, Penal [sic] Co. Arizona.

In his answer to the complaint Defendant raised the affirmative defense of the absence

of personal jurisdiction.  The only other action he has taken in this case was the filing of the

instant motion to dismiss. Although personal jurisdiction is a due process right that may be

waived either explicitly or implicitly, *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905

(6th Cir. 2006), Defendant has not done anything in this case to suggest waiver.

2

Accordingly, the issue for this Court is whether Defendant's relationship to the State of Michigan is sufficient to permit the Court to exercise personal jurisdiction over him.[1]

A district court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). The plaintiff has the burden of establishing the court's personal jurisdiction over the defendant. *Id.* at 887. If the court does not conduct an evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* The plaintiff can meet this burden by establishing with reasonable particularity sufficient contacts between the defendant and the state to support jurisdiction. *Id.* Under this standard of review the court construes the facts in the light most favorable to the plaintiff and does not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Id.*

---

[1]Because this is a diversity action on a contract entered into in Arizona and there is no allegation that Defendant resides in this judicial district, the Court also questions whether venue is proper in this district. 28 U.S.C. § 1391. However, Defendant failed to include improper venue as an affirmative defense or as a basis for his motion to dismiss. Because the right to attack venue is personal and waivable, *see* 28 U.S.C. § 1406(b), a district court should not ordinarily dismiss a case *sua sponte* for improper venue absent extraordinary circumstances. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990); *Johnson v. Frederick and Lewis Timber and Equipment Co.*, No. 98-1706, 1999 WL 313876 (6th Cir. 1999) (unpublished); *Davis v. Reagan*, 1989 WL 40200, *1 (6th Cir. 1989) (unpublished). The Court is aware of no extraordinary circumstances in this case that justify a *sua sponte* dismissal for improper venue.

Michigan law authorizes a court to exercise general personal jurisdiction over an individual based upon the existence of any of the following relationships between the individual and the state:

> (1) Presence in the state at the time when process is served.
> (2) Domicile in the state at the time when process is served.
> (3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

M.C.L. § 600.701. Plaintiff has not suggested that Defendant Hoehne meets any of the three prerequisites for the exercise of general personal jurisdiction.

Michigan's long arm statute authorizes a court to exercise limited personal jurisdiction over an individual and to render personal judgments against the individual arising out of an act creating a jurisdictional relationship between the defendant and the state. M.C.L. § 600.705;[2] *Wulf Oil Corp. v. Grebe Drilling Co.*, 93 Mich. App. 793, 799, 287 N.W.2d 344,

---

[2]The enumerated relationships are:

> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

M.C.L. § 600.705.

347 (1979) (citing *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971)).   Of the seven

enumerated jurisdictional relationships the only one that is arguably relevant is the

"transaction of any business in the state."   M.C.L. § 600.705(1).   Although Plaintiff has

argued that Defendant's actions meet the constitutional requirements of due process, he has

not attempted to explain how Defendant's actions meet the requirements of the Michigan

long-arm statute.

The Michigan Supreme Court has clarified that Michigan's long-arm statute is not

necessarily coextensive with the requirements of due process:

> Long-arm statutes establish the nature, character, and types of contacts that
> must exist for purposes of exercising personal jurisdiction.  Due process, on
> the other hand, restricts permissible long-arm jurisdiction by defining the
> quality of contacts necessary to justify personal jurisdiction under the
> constitution.

*Green v. Wilson*,  455 Mich. 342, 348, 565 N.W.2d 813, 815 (1997).  In some instances the

long-arm statute will permit greater jurisdiction than does the constitution, while in other

instances a state court will lack the power to exercise personal jurisdiction over a defendant,

even though jurisdiction may be constitutionally permissible.   *Id.*   "The provisions

enumerated in § 705 would be superfluous if the Legislature intended that any activity that

is constitutional also satisfy a long-arm statute."   *Id.*, at 350-51.

This Court is aware of no case law that would suggest that the filing of a claim in

bankruptcy constitutes the "transaction of any business" in the state for purposes of § 705.

More importantly, the Michigan long-arm statute only applies to actions "arising out of " one

5

of the enumerated relationships between the defendant and the state. The Court does not agree with Plaintiff's assertion that this action "arises out of" the filing of that bankruptcy claim. Plaintiff did not file a claim in the bankruptcy or the receivership. Plaintiff has no quarrel with the settlement itself. While this suit was sparked by the availability of funds acquired by Defendant through the settlement, Plaintiff's claim to half of the settlement proceeds from the bankruptcy/receivership, if any, arises out of the Arizona agreement rather than out of Defendant's settlement in the Trade Partners' bankruptcy or receivership.

Furthermore, even if Michigan's long arm statute was satisfied, the statute, as mentioned above, is limited by constitutional due process concerns. Due process requires the plaintiff to establish that a defendant has minimum contacts with the forum sufficient to comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit has established a three-part test for determining whether a court may exercise limited jurisdiction over a defendant consistent with due process:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of the defendant or consequences caused by defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (internal quotations omitted)).

6

A defendant "purposefully avails" himself of a forum by engaging in activity that should provide "fair warning" that he may have to defend a lawsuit there.  *Id.*  The "arising from" requirement is satisfied if the cause of action is "related to" or "connected with" the defendant's forum contacts.  *Id.* at 419 (quoting *Third Nat. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1091 n.2 (6th Cir. 1989)).  Whether the exercise of jurisdiction is reasonable is determined by balancing "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief.  *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987)).

Construing the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over Defendant that would comport with due process.  Defendant has never resided in Michigan.  He came to Michigan only to file a claim in bankruptcy to protect his interest in property in Arizona.  Defendant's agreement with Plaintiff was entered into in Arizona and concerned Arizona property.  The State of Michigan has no interest in the resolution of this dispute.  Defendant's alleged breach of the Arizona agreement does not have a substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable.

Based upon this Court's determination that it lacks personal jurisdiction over Defendant, this case will be dismissed without prejudice.  *See Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) (holding that a court should not dismiss a case on the

merits when it appears that another court with appropriate jurisdiction may resolve the issues
between the parties).

An order of dismissal consistent with this opinion will be entered.


Date: _____June 13, 2006_____          /s/ Robert Holmes Bell_____
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE